FILED
SUPERIOR COURT
OF GUAM

2014 JUL -8 AM 9: 21

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MATTHEW ZWAN,<br><br>                              Plaintiff,<br><br>          v.<br><br>JENNIFER ZWAN-O'LEARY,<br><br>                              Defendant. | DOMESTIC CASE NO. DM 0377-14<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came for review by the Honorable Arthur R. Barcinas on the 7th day of July, 2014, upon the Plaintiff's Motion for Order Allowing Service by Publication. Attorney William B. Pole represents the Plaintiff, and the Defendant has not yet been served or made an appearance. For the reasons set forth below, the Plaintiff's Motion for Order for Publication of Summons is DENIED.

## DISCUSSION

If the Defendant in a Complaint for Divorce is a resident of a United States jurisdiction, and therefore, could be subject to any service allowed under Guam law or U.S. law under GRCP Rule 4(e)(1), the current GRCP Rule 4 only allows for service through publication and mailing as permitted by statute or court order, in accordance with due process. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute, and specifically allows for service by publication and

mailing instead of personal service under GRCP Rule 4(e)(1) or (2), only when an application is made to the Court upon a verified affidavit (or declaration, *see* 6 GCA § 4308) swearing either that the person "has departed from Guam . . .or conceals himself to avoid the service of summons" and that "a cause of action exists against the defendant." 7 GCA § 14106 (2005). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam*, and cannot, *after due diligence*, be found in Guam, or conceals himself to avoid the service of summons . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

7 GCA § 14106 (2005) (emphasis added).

The Plaintiff apparently requests that this order for service by publication issue simply because the Defendant cannot be found on Guam. See Pl.'s Mot. However, service by publication and mailing under 7 GCA §14106, in lieu of personal service under GRCP Rule 4, constitutes substituted service, and has specific factual requirements which must be declared to the Court.

Rule 4(e) anticipates that parties who reside in other United States jurisdictions may need to be served from time to time, and provides a method for such personal service, stating: "service upon an individual . . . may be effected . . . in any other jurisdiction of the United States, its territories, commonwealths, and possessions: (1) . . . as prescribed by the law of the place where the person is served; or (2) by delivering a copy of the summons and of the complaint to the individual personally . . . ." GRCP Rule 4(e).

Personal delivery of service is the gold standard of available service methods, and is "always adequate in any type of proceeding." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). Due process requires that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" because "process which is a mere gesture is not process." Id. at 314–15.

For unknown or missing persons, service through ineffectual or even "futile" methods such as publication may be sufficient. Id. at 317. But, "[e]xceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties." Id. at 318. Accordingly, the United States Supreme Court found that a state statute which authorized service of process through publication was insufficient, stating:

> Publication may theoretically be available for all the world to see, but it is too much in our day to suppose that each or any individual beneficiary does or could examine all that is published to see if something may be tucked away in it that affects his property interests. We have before indicated in reference to notice by publication that, 'Great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact.'

Id. at 320 (quoting McDonald v. Mabee, 243 U.S. 90, 91 (1917)).

Following this reasoning, other courts have held that a party must attempt personal service or other service designed to reasonably provide notice, prior to attempting substituted service. See Goetz v. Synthesys Technologies, Inc., 415 F.3d 481, 485–86 (5th Cir. 2005) ("Nail and mail" substituted service, i.e., service through posting and mailing, as authorized under state statute, was improper for lack of due diligence when the plaintiff failed to make even a single attempt at giving personal to the defendant); Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (Cal. App. 4 Dist. 1995) (failure to effect or even attempt personal

service prior to attempting substituted service was improper, and deprived court of personal jurisdiction over defendants); Sangdahl v. Litton, 69 F.R.D. 641 (S.D.N.Y. 1976); Moreland v. Dorsey Thornton and Associates LLC, No. 10–CV–867, 2010 WL 5463333, **2–3 (E.D. Wis. December 29, 2010) (court allowed substituted service by publication and ordinary mail, but only after the Plaintiff diligently made several attempts at personal service, and exhausted other methods of service reasonably calculated to give notice).

In Sangdahl, the District Court would not approve substituted service on a non-resident defendant where the defendant could readily have been served in the state of his residence under the New York long-arm statute. The court found, "any order permitting substituted service should be made only after plaintiff sustains the 'heavy burden' of showing that an exhaustive search has been made for defendant and all other permissible methods of service are impracticable." Id. at 644–45.

7 GCA § 14106 was adopted from the California Code of Civil Procedure, Title 5, Jurisdiction and Service of Process, Chapter 3, Summons, §§ 412.10, et. seq. Particularly, California now permits service by publication under CCCP § 415.50, which is substantively similar to 7 GCA § 14106. Under these statutes regarding service of summons, in California, "[a]ll means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed." Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Ca. 1995). Where a Guam statute is derived from a California statute, California cases interpreting the statute are highly persuasive, and the Superior Court of Guam must follow California precedent unless there is a compelling reason to deviate from the California law. Fajardo v. Liberty House Guam,

2000 Guam 4 ¶ 17; Cruz v. Cruz, 2005 Guam 3 ¶ 9. Accordingly, 7 GCA § 14106 provides a method of substituted service and requires a showing that personal service is unavailing.

Under the specific language of 7 GCA § 14106, publication and mailing are to be used only when, "after due diligence" it is apparent that the party to be served "has departed Guam" or "conceals himself to avoid service of the summons . . ." 7 GCA § 14106 (2005). Like the statute at issue in Goetz, "under the plain text of the statute, a plaintiff is required to exercise 'due diligence' to complete service . . . ." Goetz, 415 F.3d at 483; see also Bland v. Fairfax County, Va., 275 F.R.D. 466, 470 (E.D. Va. 2011) ("This is an example that where the rules favored personal service to the exclusion of other methods, the rules say so"); and Moreland, at *3 (citing Wis. Stat. 801.11(5)(b)) ("if with reasonable diligence a defendant cannot be served by the means set forth above then a summons may be served . . . by publication and mailing"). It is clear from the language of 7 GCA § 14106 that other methods of service are preferred to service by publication and mailing, and a party must exercise "due diligence" prior to seeking an order permitting service under this statute.

Interpreting the former California Code of Civil Procedure § 412, from which 7 GCA § 14106 is directly derived, the Supreme Court of California has interpreted "due diligence" to mean actual, documented efforts to locate and personally serve a defendant. Kahn v. Matthai, 115 Cal. 689, 692, 47 Pac. 698, 699 (Cal. 1897); see also Chapman v. Moore, 151 Cal. 509, 513–14, 91 P. 324, 325–26 (Cal. 1907); Rue v. Quinn, 137 Cal. 651, 655–57, 66 P. 216, 217 (Cal. 1902); and Forbes v. Hyde, 31 Cal. 342, 350 (Cal. 1866). In Kahn, the court found that the first step in showing "diligence" in requesting service by publication under the statute is the filing of a prescribed affidavit showing in detail the probative facts indicating a thorough search to locate the defendant, including the dates of any attempts to serve the defendant by another

method of service; thus, an affidavit which did not include this information was "fatally defective in failing to show with accuracy the efforts made to serve defendant with summons." Id. In accordance with the language of the statute, service by publication and mailing under 7 GCA § 14106 is only available as an option of last resort, when a defendant has fled Guam or is hiding somewhere to avoid service, and the plaintiff has exercised due diligence, but has been unable to locate and personally serve the defendant due to the defendant's evasion.

In accordance with the due process clause, and cases interpreting the former California Code of Civil Procedure § 412, which was identical to 7 GCA § 14106, the Court finds that it is improper for a party to make a request for service by publication and mailing on a party whose residence or domicile is known, prior to exercising due diligence to serve the party by other means reasonably calculated to give actual notice, such as personal service. The due diligence requirement of § 14106 is to be interpreted as part of the statutory scheme to effectuate summons via personal service whenever possible, and only employ substituted service upon a showing that personal service is unavailable or impracticable.

In this case, in the allegations of the verified complaint and in the Plaintiff's counsel's declaration, the Plaintiff does not state that the Defendant has ever been to Guam and has subsequently left Guam. Pole Decl. The only reference to due diligence is the Plaintiff's due diligence in determining that the Defendant is not in Guam, but there is no reference to any attempts to satisfy the due diligence requirement to actually effectuate personal service on the Defendant. Id. The Plaintiff believes the Defendant resides in Washington State in the mainland United States, and has a last known address. Pole Decl.; Def.'s Mot. 2. Although the Plaintiff does not affirmatively state that he knows the Defendant's location, the minor children of the parties reside with the Defendant, and the detailed custody arrangements requested in the

Plaintiff's Complaint strongly suggest that the location of the Defendant and the parties' children is not unknown to the Plaintiff. But no attempt at personal service at the Defendant's last known address is made mention of in any of the Plaintiff's filed documents, nor has the Plaintiff shown that such service is impracticable and unavailable. See Goetz, 415 F.3d at 485 ("due diligence is absent where the plaintiffs have failed to make any attempts to perform service at known addresses."); see also Trackman v. Kenney, 187 Cal.App.4th 175, 185 (Cal.App.3.Dist. 2010) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). The Court finds that the Plaintiff has not pleaded facts sufficient to grant a motion for service by publication and mailing, on grounds that the required due diligence to attempt to actually effectuate personal service is not stated to have ever occurred, and the Court is required to DENY any request by the Plaintiff for an order permitting service under 7 GCA § 14106 and Rule 4(o), made prior to any attempt at personal service.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Order Allowing Service by Publication is hereby DENIED.

**IT IS SO ORDERED** this day of ___'JUL 0 8 2014___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: _W. Pole;_
_DMR_
Date: _7/8/14_ Time: _10:10a_

Deputy Clerk, Superior Court of Guam